UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADAT F. MOUSA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-00140-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS, VACATING HEARING, AND DENYING MOTION TO CONTINUE HEARING AS MOOT**<br><br>Re: ECF Nos. 23, 25, 26, 51 |

In this action for claims under 42 U.S.C. § 1983, Defendants the City and County of San Francisco ("the City"), the State of California, Kamala Harris, and Murray Zisholz move to dismiss each of the claims that Plaintiff Mousa has asserted against them. Mousa, who is appearing pro se, opposes the motions. For the reasons set forth below, the motions are GRANTED.

**I.    BACKGROUND**

   **A.    The Parties and Claims**

Plaintiff Sadat Mousa brings this action against Murray Zisholz, the City and County of San Francisco, the State of California, and Kamala Harris for claims arising out of his conviction and subsequent incarceration in connection with two criminal charges. The first charge, a felony, was based on a death threat he made to his brother. The second charge, a misdemeanor, arose out of harassing telephone calls that Mousa allegedly made in 2009. Compl. ¶ 7.

Prior to and during his trial, Mousa was represented by Defendant Murray Zisholz, a court-appointed attorney. Mousa alleges that he repeatedly asked the state court to allow him to substitute Zisholz with another attorney named George Walker, but the state court refused to do so. Id. ¶ 8, 35-37, 41.

1   Mousa was convicted and sentenced in May 2010.  Id. ¶ 49.  He spent several months in
2  the San Quentin State Prison for his felony conviction and then was transferred to the jail in San
3  Francisco to serve another year in connection the misdemeanor charge.  Id. ¶¶ 50-53.  Mousa spent
4  a total of four years in custody.  Id. ¶ 8.

5   The gravamen of the complaint is that Defendants deprived Mousa of "all of his
6  constitutional rights," including (1) the right to hire the attorney of his choice to represent him in
7  his trial; (2) the right to have a speedy trial; (3) the right to subpoena witnesses; and (4) the right to
8  be present in court during his trial.  Id. ¶ 8.  Mousa also alleges that the state court's refusal to
9  allow him to hire his own attorney ultimately resulted in his wrongful conviction, as Zisholz
10  allegedly made several mistakes in the course of his representation of Mousa.  Finally, Mousa
11  avers that he suffered food poisoning during custody and that jail staff put psychoactive
12  ingredients in his food to make him appear mentally ill.  Id. ¶¶ 8, 53.

13  Mousa brings nine claims against Defendants: (1) a claim under 42 U.S.C. § 1983 for
14  violations of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments on the
15  grounds of "malicious prosecution," the denial of his right to confront his accusers, and a failure to
16  presume him innocent during his trial; (2) a claim under § 1983 for violations of his due process
17  rights under the Fifth, Sixth, and Fourteenth Amendments in connection with his prosecution and
18  removal from the courtroom during trial; (3) a claim under § 1983 for violations of his due process
19  rights under the Fourteenth Amendment in connection with his confinement during trial; (4) a
20  claim under § 1983 for violations of his rights under the Fourth Amendment in connection with
21  searches that were conducted on his person while he was in custody; (5) a claim under California
22  Civil Code Section 52.1 based on the state court's refusal to allow Mousa to hire the counsel of his
23  choice during trial; (6) a claim for false imprisonment following a conviction of "PC 422 and PC
24  308"; (7) a claim for intentional infliction of emotional distress; (8) a claim for negligent infliction
25  of emotional distress; and (9) "declaratory and injunctive relief."

26  Mousa seeks compensatory and punitive damages, attorney's fees and costs, medical
27  expenses, and the reversal of his conviction in connection with his claims.
28

**B.     Procedural History**

Defendants filed the motions to dismiss at issue before this action was reassigned. Mousa failed to file timely oppositions, and the Court issued an order to show cause why counsel for Mousa should not be sanctioned for failing to oppose the motions or to file an amended complaint. ECF No. 33. Counsel for Mousa then moved to withdraw as counsel of record on the ground that Mousa could not afford to retain him. ECF No. 36. The Court granted that motion during a hearing on the order to show cause and permitted Mousa to proceed pro se. See ECF No. 37. The action was subsequently reassigned. The Court continued the hearing on the motions to allow Mousa time to file a response and encouraged Mousa to seek the assistance of the Legal Help Center in prosecuting this action. ECF No. 42. Mousa filed timely oppositions to the motions. ECF No. 44, 45, 46.

**C.     Jurisdiction**

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II.    LEGAL STANDARD

**A.     Rule 12(b)(6)**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir.1995). The district court, however, has "broad" discretion to deny leave to amend "where plaintiff has previously amended the

complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

### B. Rule 12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) tests the sufficiency of the service of the summons and complaint. To determine whether service of process is proper, courts look to the requirements of Federal Rule of Civil Procedure 4. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

## III. DISCUSSION

### A. Mousa's Federal Claims Are Deficient Under Rule 12(b)(6)

In the complaint, Mousa fails to specify which of his allegations pertain to each federal cause of action. He also fails to attribute allegations and claims to each defendant. This makes the complaint deficient under Rule 8, because it fails to give notice to the Defendants of the claims that Mousa has asserted against them. Accordingly, each of the federal claims asserted in the complaint must be dismissed under Rule 12(b)(6) for failure to state a claim.

### B. Some of Mousa's Federal Claims Fail as a Matter of Law

All of Mousa's federal claims are brought under 42 U.S.C. § 1983 for purported violations of his constitutional rights. Several of these claims fail as a matter of law and must be dismissed with prejudice.

First, to the extent that Mousa brings claims under § 1983 against the State of California, such claims fail as a matter of law because they are barred by the Eleventh Amendment and Mousa has not shown that the State has waived its sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.") (internal citation omitted); see also Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004)

1  ("Although the text of the Amendment refers only to suits against a State by citizens of another
2  State, we have repeatedly held that an unconsenting State also is immune from suits by its own
3  citizens."). Mousa's § 1983 claims against Kamala Harris, an officer of the state of California,
4  also fail as a matter of law for the same reason. See id. at 71 ("[A] suit against a state official in
5  his or her official capacity is not a suit against the official but rather is a suit against the official's
6  office. As such, it is no different from a suit against the State itself").

To the extent that Mousa's § 1983 claims are based on events or conduct related to his trial, conviction, or imprisonment that would render his conviction invalid, such claims fail as a matter of law because no federal civil rights claim can be brought on that basis unless the conviction at issue is overturned or otherwise called into question, and here, the conviction at issue has not been overturned or invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Mousa appealed his conviction in state court prior to filing this suit and raised the same theories for relief from his conviction that he asserts here. The state court of appeals affirmed the conviction. See People v. Mousa, No. A128906, 2011 WL 7809201 (Cal. Ct. App. May 11, 2011), reh'g denied (June 4, 2012), review denied (Aug. 8, 2012) (affirming conviction and rejecting arguments that state court erred in rejecting Mousa's motions to appoint new counsel and in sentencing him, that there was insufficient evidence to support his conviction, that Mousa's defense counsel rendered ineffective assistance at trial).[1]

To the extent that Mousa's § 1983 claims are premised on the theory that the judgments of the state court during his criminal trial were erroneous, including those pertaining to Mousa's

---

[1] The Court takes judicial notice of the orders affirming Mousa's conviction, as these orders are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201.

motions to substitute counsel, such claims are barred as a matter of law by the Rooker-Feldman doctrine, which prohibits federal courts from entertaining appeals from the state courts. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under Rooker–Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."); see also Bianchi v. Rylaarsdam, 334 F.3d 895, 901 n. 4 (9th Cir. 2003) ("It is immaterial that Bianchi frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over any claim that is "inextricably intertwined" with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."). Here, Mousa explicitly requests the reversal of his conviction as a form of relief, which improperly calls for the review of the judgments of the state trial and appellate courts.

Finally, to the extent that Mousa's brings any § 1983 claims against Zisholz, such claims fail as a matter of law because court-appointed attorneys are not state actors within the meaning of § 1983. "If a defendant does not act under color of state law, a federal court has no power to entertain a § 1983 complaint against him." Polk Cnty. v. Dodson, 454 U.S. 312, 336 (1981). The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. In reaching this conclusion, the Supreme Court reasoned that though a public defender is "totally dependent financially" on the government, he cannot act under color of state law within the meaning of § 1983 "because of his independent ethical obligations to his client." Id. at 331-332. Here, Zisholz was not a public defender when he was appointed by the state court to represent Mousa. Nevertheless, Zisholz had an independent ethical obligation to represent Mousa, and as such, he cannot be said to have acted under color of state law within the meaning of § 1983 in the course of that representation even if the attorney-client relationship was initiated by court order.

### C. Mousa's Claims Against the City Are Subject to Dismissal Under Rule 12(b)(5)

The City moves to dismiss each of the claims that Mousa has asserted against it on the basis of insufficient service of process. See City's Mot. at 2. The City argues that Mousa was required to serve the complaint on the Mayor of San Francisco, who is required by law to accept service on behalf of the City. Id. (citing San Francisco Municipal Code § 3.100). The City points to a certificate of service that Mousa filed on the docket, which shows that Mousa served the complaint on the San Francisco Sheriff's Department, the San Francisco Police Department, the San Francisco Probation Department, and the San Francisco District Attorney's office, but not on the Mayor. ECF No. 17.

Mousa does not address this issue in his opposition to the City's motion.

Because Mousa has failed to meet his burden to show that service on the City and County of San Francisco was proper, each of the remaining claims that he asserted against the City[2] are DISMISSED WITHOUT PREJUDICE for insufficient service of process.[3]

### D. The Court Declines to Exercise Supplemental Jurisdiction over the Remaining State-law Claims

When a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c).

Here, the Court has dismissed each of the federal claims asserted in the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any remaining state-law claims. Such claims are DISMISSED WITHOUT PREJUDICE.

/ / /

---

[2] To the extent that any of the claims discussed in the previous section were asserted against the City, such claims are dismissed with prejudice.

[3] Defendant Zisholz notes in his motion that Mousa also failed to effectuate proper service of process on him. Zisholz, however, does not move to dismiss the claims asserted against him on this basis.

## IV. CONCLUSION

Each of the federal claims asserted in the complaint are DISMISSED.

The following federal claims are DISMISSED WITH PREJUDICE and may not be reasserted in any amended complaint:

1. The § 1983 claims asserted in connection with Mousa's criminal trial and conviction and premised on the theory that the state court's judgments during trial were erroneous or that the conviction itself must be rendered invalid.
2. The § 1983 claims asserted against the State of California and Kamala Harris.
3. Any § 1983 claims asserted against Zisholz for acts performed within the scope of his representation of Mousa.

Any remaining federal claims for constitutional violations predicated on 42 U.S.C. § 1983 are DISMISSED WITH LEAVE TO AMEND.

All state-law claims are DISMISSED WITHOUT PREJUDICE.

Mousa may file an amended complaint within 30 days of the date this order is filed that cures the deficiencies identified in this order with respect to his claims for constitutional violations under 42 U.S.C. § 1983. Specifically, Mousa must attribute specific allegations to each Defendant, must specify the claims that are asserted against each Defendant, and must plead each claim with sufficient specificity to give notice to each Defendant of the nature of the claims. Mousa may not re-assert any of the federal claims that have been dismissed with prejudice, but he may re-assert the state-law claims pleaded in the original complaint provided that he identifies the Defendant against whom each claim is asserted and pleads sufficient facts to give notice to each Defendant of the nature of the claims asserted against him. Any amended complaint must be served on each Defendant in accordance with Federal Rule of Civil Procedure 4. If Mousa does not file an amended complaint within 30 days, the action will be dismissed with prejudice.

/ / /

/ / /

/ / /

The Court encourages Mousa to seek the assistance of the Legal Help Center in amending his complaint, which is located on the 15th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  Appointments may be made in person or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: November 26, 2013

_____
JON S. TIGAR
United States District Judge