UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADAT FAWZI MOUSA,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMALA D. HARRIS, et al.,<br><br>    Defendants. | Case No. 13-cv-00140-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE**<br><br>Re: ECF No. 79, 82, 85 |

In this action for claims arising out of Plaintiff Mousa's trial and conviction for certain crimes in state court, Defendants the City and County of San Francisco, the State of California, Kamala Harris, and Murray Zisholz move to dismiss Mousa's amended complaint on the grounds that it fails to contain a short and plain statement of his claims, as required by Federal Rule of Civil Procedure 8(a)(2) and this court's November 26, 2013 order, ECF No. 72, and that it fails to state a claim under Rule 12(b)(6). Mousa, who represents himself, opposes the motions. For the reasons set forth below, the motions are GRANTED.

## I.   BACKGROUND

### A.   The Parties and Claims

Plaintiff Sadat Mousa brings this action against Murray Zisholz, the City and County of San Francisco, the State of California, and Kamala Harris for claims arising out of his conviction and subsequent incarceration in connection with two criminal charges. The first charge, a felony, was based on a death threat he made to his brother. The second charge, a misdemeanor, arose out of harassing telephone calls that Mousa allegedly made in 2009. A detailed factual and procedural background of this action can be found in this court's order of November 26, 2013. ECF No. 72.

The court previously granted a round of motions to dismiss. Id. The court dismissed the following claims with prejudice: (1) all claims asserted under § 1983 against the State of

California and Kamala Harris; (2) all claims asserted under § 1983 for an unconstitutional conviction; (3) all claims asserted under § 1983 based on allegations that the judgments made during Mousa's state court trial were erroneous; and (4) all § 1983 claims asserted against Zisholz.

The court also dismissed all claims asserted against the City and County of San Francisco under Rule 12(b)(5) for insufficient service of process.

Additionally, the court dismissed the remainder of the claims without prejudice for failure to state a claim under Rule 12(b)(6) on the ground that Mousa failed to specify which of his allegations pertain to each cause of action and to each defendant. ECF No. 72 at 4.

Finally, the court refused to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice.

The court permitted Mousa to file an amended complaint that:

> [C]ures the deficiencies identified in this order with respect to his claims for constitutional violations under 42 U.S.C. § 1983. Specifically, Mousa must attribute specific allegations to each Defendant, must specify the claims that are asserted against each Defendant, and must plead each claim with sufficient specificity to give notice to each Defendant of the nature of the claims. Mousa may not re-assert any of the federal claims that have been dismissed with prejudice, but he may re-assert the state-law claims pleaded in the original complaint provided that he identifies the Defendant against whom each claim is asserted and pleads sufficient facts to give notice to each Defendant of the nature of the claims asserted against him. Any amended complaint must be served on each Defendant in accordance with Federal Rule of Civil Procedure 4. If Mousa does not file an amended complaint within 30 days, the action will be dismissed with prejudice.

ECF No. 72 at 8.

Mousa filed an amended complaint on February 24, 2014, in which he asserts the following sixteen claims: (1) a claim for violations of his Sixth and Fourteenth Amendment rights based on the trial court's removal of Mousa from the court room during his trial; (2) a claim for violations of his First Amendment rights based on the trial court's prosecution of Mousa based on Mousa's attempt to "redress grievances in court" and "exercising his right to challenge a TRO"; (3) a claim for violations of his Fifth Amendment rights based on the criminal charges that were brought against him in state court and his subsequent convictions; (4) a claim for violation of his Fourteenth Amendment rights based on "defendants' wrongful and conspiratorial acts"; (5) a

claim for violations of his Eighth Amendment rights based on his false imprisonment and the cruel and unusual punishment he suffered; (6) a claim for violations of his Fourteenth Amendment rights based on "Defendants' wrongful and conspiratorial acts"; (7) a claim based on "Defendants' wrongful and judicial conspiratorial acts" related to "illegal, unsigned, altered transcripts" that were "used to convict" Mousa; (8) a claim based on the trial court's alteration of the "jury's question to secure conviction"; (9) a claim under 42 U.S.C. § 1983 and § 1985 based on Defendants' "multiple corrupt acts and conspiracies . . for self gains or unjust rewards"; (10) a claim under 18 U.S.C. §§ 1961 and 1962 based on Defendants' "multiple corrupt conspiracies and acts"; (11) a claim alleging that "Defendants' wrongful and conspiratorial acts violated Bivens claims"; (12) a claim under the Federal Tort Claims Act based on Defendants' "knowledge and approval of the judges that presided in Plaintiffs case"; (13) a claim for violations of his Fifth and Fourteenth Amendment rights based on "Defendants' wrongful and conspiratorial acts"; (14) a claim for violations of his "state and federal rights" based on Defendants' wrongful and conspiratorial acts"; (15) a claim under 28 U.S.C. § 1343 based on Defendants' failure to "report to the proper authorities" the violations of Mousa's civil and constitutional rights; and (16) and a claim based on Defendants' attempts to "assassinate plaintiff while in custody through poisoning his food with cyanide or rat poisoning."  ECF No. 78 at 14-20.

Mousa seeks, among other things, compensatory and punitive damages, as well as the reversal of his conviction.

### B.    Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II.    LEGAL STANDARDS

### A.    Rule 41(b)

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

//

//

### B.     Rule 12(b)(6)

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995). The district court, however, has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

## III.    DISCUSSION

Defendants Zisholz, the State of California, Kamala Harris, and the City and County of San Francisco move to dismiss Mousa's amended complaint on the grounds that it fails to comply with this court's order, which permitted the filing of an amended complaint only if it (1) did not reassert any claims that the court dismissed with prejudice; and (2) provided sufficient notice to Defendants by stating with specificity which allegations pertain to each cause of action and to each Defendant. See ECF No. 72. Defendants also move to dismiss the complaint with prejudice under Rule 12(b)(6) on the ground that the amended complaint continues to be legally insufficient and that the complaint's deficiencies cannot be cured by amendment.

The opposition that Mousa filed largely is incomprehensible and does not appear to address any of the arguments made in the motions to dismiss. See ECF No. 87.

The motions to dismiss are well-taken. The claims in Mousa's amended complaint are based on the same theories and allegations that the court previously determined fail as a matter of law. He reasserts claims that were dismissed with prejudice. And, to the extent that the amended

4

complaint asserts claims that were not previously dismissed with prejudice, those claims are not pleaded with sufficient specificity so as to give adequate notice to Defendants. Moussa's claims fail to meet even the minimal standards of Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). "[A] basic objective of [Rule 8] is . . . to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved; indeed, as the Supreme Court and every court of appeals have clearly stated, it is this notice function that represents the core of the pleading process under the federal rules." 5 Fed. Prac. & Proc. Civ. § 1215 (3d ed.) (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Indeed, the allegations in Mousa's amended complaint are even more nebulous than the ones in the original complaint; it is impossible to determine from the face of the amended complaint which allegations pertain to each claim and to each Defendant. The amended complaint's iteration of claims that have been dismissed with prejudice and its utter lack of specificity clearly violate this court's prior order.

Given that the court has already explained to Mousa in detail the nature of his claims' deficiencies, provided him with an opportunity to cure these deficiencies, and advised him at least twice to seek the assistance of the Legal Help Center in prosecuting his claims, the court can only conclude that further leave to amend would be futile. See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (holding that the district court has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint"); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."). The court will dismiss Mousa's claims with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Defendants' motions to dismiss Mousa's amended complaint with prejudice for failure to comply with a court order and for failure to state a claim are GRANTED. The claims in the amended complaint are DISMISSED WITH PREJUDICE. The Clerk shall terminate this action.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
JON S. TIGAR
United States District Judge